UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALLIANZ GLOBAL RISKS U.S. INSURANCE
COMPANY, as subrogee of IDEX
CORPORATION, and PULSAFEEDER, INC.,
a wholly owned subsidiary of IDEX
CORPORATION,

            Plaintiffs,

vs.    Case No. 2:05-cv-603-FtM-29SPC

SINGLESOURCE ROOFING CORPORATION, a
foreign corporation,

            Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on (1) defendant's Motion to Dismiss Plaintiff's Complaint, or in the Alternative, Defendant's Motion to Transfer (Doc. #14), filed on February 14, 2006; (2) defendant's Motion to Dismiss Plaintiff's Complaint, or in the Alternative, Defendant's Motion to Transfer (Doc. #19), filed on February 22, 2006; and (3) Defendant Singlesource Roofing Corporation's Motion to Stay Discovery (Doc. #30), filed August 22, 2006. Plaintiffs filed a Motion and Memorandum of Law in Opposition (Doc. #20) on February 27, 2006.

**I.**

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiffs. Christopher v. Harbury, 536

U.S. 403, 406 (2002). A complaint should not be dismissed unless it appears beyond doubt that plaintiffs can prove no set of facts that would entitle them to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(*en banc*). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint simply must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). However, dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiffs' complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n.16. While the federal pleading burden is not great, it nonetheless requires fair notice of the claim and the grounds upon which the claim rests. Dura Pharm., Inc. v. Broudo, 125 S. Ct. 1627, 1634 (2005).

**II.**

The Complaint (Doc. #1) alleges that Pulsafeeder, Inc., a wholly owned subsidiary of Idex Corporation, contracted with Singlesource Roofing Corporation (Singlesource or defendant) some time prior to August 13, 2004, for Singlesource to perform roofing work at Pulsafeeder's facility in Punta Gorda, Florida. (Doc. #1, ¶ 10.) The work began prior to August 13, 2004. While installing the new roof, Singlesource cut through the steel structure in order to remove skylights, thereby creating a safety and structural hazard. (Id. at ¶¶ 11-12.) On August 13, 2004, Hurricane Charlie passed through the area, and as a result of Singlesource's negligence the roof and property were damaged. (Id. at ¶ 13.) Plaintiff Allianz Global Risks US Insurance Company (Allianz) had issued a policy of insurance to Idex Corporation (Idex) and paid damages as a result of Singlesource's negligence, over and above the deductible. (Id. at ¶¶ 14-15.)

The Complaint alleges negligence by Singlesource and resulting damages as a direct and proximate cause of said negligence; a breach of contract for failure to install/repair the roof in a safe and workmanlike manner in accordance with industry standards; and a breach of warranty for failure to perform its duties in a workmanlike manner.

**III.**

Defendant argues that plaintiffs fail to state a claim because they failed to attach any Contract or Warranty to the Complaint, and because the claims are time-barred by the one year statute of limitations provision contained in the Membrane Material Warranty. Additionally, defendant argues for the transfer of this case based on contractual language requiring recourse be taken in the courts of Pennsylvania. The Court disagrees with each argument.

Fed. R. Civ. P. 10(c) allows but does not require the attachment of the underlying written instrument. Therefore, failure to attach the documents is not a basis for dismissal of the Complaint.

While not attached, plaintiffs arguably made reference to the documents in Counts II and III of the Complaint. Since the authenticity of the documents is not disputed, and the documents are at least arguably central to the two counts, the Court may consider the documents in conjunction with a motion to dismiss. Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005). The Affidavits submitted by defendant, on the other hand, are not within this category of documents and may not be considered in deciding the motion to dismiss.

The Membrane Material Warranty (Warranty) (Doc. #19-2) guarantees the rubber membrane materials from manufacturing defects and provides a one (1) year limitation on any claims arising "from the date the defect or premature deterioration has occurred." The

Warranty "refers to the Membrane materials only . . . . Dismantling and reassembly work is excluded from the warranties set forth in this document." Plaintiffs herein allege a breach of contract and warranty based on Singlesources' installation of the roof, not on defective materials. No allegations are made as to defective materials used, and therefore the Warranty does not apply to the claims of this case. Therefore, to the extent the motion relies upon the Warranty, it will be denied.

The Proposal and Contract contains to following relevant terms:

> Any insurance related claims arising from the installation of roofing system shall be considered separate from contract obligations and as such, client agrees to not offset or hold any payment obligation against a claim.
>
> . . . Any claim or dispute involving Owner's payment obligations shall be determined at Roofing Company's option, by recourse to the state or federal courts located in Pittsburgh, Pennsylvania, and Owner hereby consents and waives all objections to personal jurisdiction and venue in those courts.

(Doc. #19-6, p. 3.) The Complaint clearly articulates claims based on "insurance related claims," with Allianz acting as subrogee, and the Proposal and Contract clearly separates such insurance related claims from nonpayment claims. The choice of forum clause relates to the nonpayment claims, and does not apply to the insurance related claims. As such, the Court finds that defendant has failed to articulate a basis for dismissal or transfer to Pennsylvania.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendant's Motion to Dismiss Plaintiff's Complaint, or in the Alternative, Defendant's Motion to Transfer (Doc. #14) is **DENIED** as moot.

2. The Request for oral arguments (Docs. #13, #17) and the request to strike (Doc. #20-1, p. 2) are **DENIED**.

3. Defendant's Motion to Dismiss Plaintiff's Complaint, or in the Alternative, Defendant's Motion to Transfer (Doc. #19) is **DENIED** as to the request to dismiss and **DENIED** as to the request to transfer.

4. Defendant Singlesource Roofing Corporation's Motion to Stay Discovery (Doc. #30) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __31st__ day of August, 2006.

_____
JOHN E. STEELE
United States District Judge

Copies:
U.S. Magistrate Judge
Counsel of record